UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN ARMUS
5215 Highway 38
Franksville, WI 53126,

      Plaintiff,

v.

Case No.

TREE STREET MANAGEMENT, LLC
73 West Monroe Street, Suite 421
Chicago, IL 60603,

      Defendant.

## COMPLAINT

NOW COMES Plaintiff, Steven Armus ("Armus"), by and through his attorneys, Whyte Hirschboeck Dudek, S.C., and as and for his Complaint against Defendant, Tree Street Management, LLC ("Tree Street"), alleges and shows unto the Court as follows:

### PARTIES

1. Armus is an adult resident of the State of Wisconsin. His address is 5215 Highway 38, Franksville, Wisconsin 53126.

2. Tree Street is, upon information and belief, a Delaware Limited Liability Company, whose principal place of business is 73 West Monroe Street, Suite 421, Chicago, Illinois 60603, and whose member is a citizen of the State of Illinois. Upon information and belief, Tree Street's registered agent for service of process in Wisconsin is C T Corporation System, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin, 53717.

## NATURE OF ACTION

3. Armus brings this Complaint against Tree Street based on Tree Street's breach of its obligation to pay Armus a required installment payment of $165,000, plus accrued but unpaid interest, by the April 20, 2016 deadline. As a result of Tree Street's failure to make the $165,000, plus accrued but unpaid interest, payment to Armus by the April 20, 2016 deadline, pursuant to the terms of the governing Promissory Note, Tree Street is now obligated to immediately pay Armus the principal amount due under the Promissory Note, $1,100,000, plus accrued interest, and yet refuses to do so, and is therefore in breach of the Promissory Note.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy is $1,100,000, exclusive of interest and costs, and is therefore greater than the jurisdictional threshold for diversity jurisdiction. In addition, Armus is a Wisconsin resident and Tree Street is an Illinois resident, meaning there is complete diversity of citizenship between the parties.

5. Upon information and belief, Tree Street is subject to this Court's personal jurisdiction pursuant to due process and/or Wisconsin's long arm statute, due to, at least, Tree Street's widespread and continuous commercial contacts in this forum, its substantial business transacted in this district, including having an office located at 6233 Bankers Road, Suite 3, Mount Pleasant, Wisconsin 53403, and Tree Street's breach of its contract with Armus, who is a resident in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1391(b)(3), because a substantial portion of the events or omissions giving rise to this action

occurred in the Eastern District of Wisconsin, and because a substantial portion of the assets that Tree Street purchased are located in the Eastern District of Wisconsin.

7. This matter is ripe for adjudication because Tree Street's failure to, and refusal to, make the required payment to Armus means there is an actual and justiciable controversy between the parties.

## BACKGROUND FACTS

8. Armus is the founder and original owner of Great Lakes Dermatology, S.C. ("Great Lakes"), which was a Wisconsin service corporation that was generally engaged in the business of providing dermatology services.

9. In April 2012, Armus sold all of his outstanding shares of stock of Great Lakes to James Franks, D.O. ("Dr. Franks"). In exchange for the shares of Great Lakes stock that he received, Dr. Franks gave Armus a promissory note.

10. In April 2015, Tree Street expressed interest in purchasing Great Lakes' assets and, after a negotiation period, Great Lakes and Tree Street entered into an Asset Purchase Agreement effective April 20, 2015 (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit A**, and is incorporated herein by reference.

11. In conjunction with the Purchase Agreement, and as consideration in exchange for the non-clinical assets of Great Lakes pursuant to the Purchase Agreement, Tree Street entered into an April 20, 2015 Promissory Note (the "Promissory Note"), whereby Tree Street agreed to pay Great Lakes, as the initial Holder of the Promissory Note, $1,100,000. A true and correct copy of the Promissory Note is attached hereto as **Exhibit B**, and is incorporated herein by reference. Section 1(f) of the Promissory Note defines "Holder" to mean "Great Lakes Dermatology, S.C., a Wisconsin service corporation, and each successive holder or holders of

this [Promissory] Note." In turn, Great Lakes assigned its interest in the Promissory Note to Franks via an April 20, 2015 Assignment of Note Without Recourse Agreement (the "<u>Franks Assignment</u>"). A true and correct copy of the Franks Assignment assigning Great Lakes' interest in the Promissory Note to Franks is attached hereto as **Exhibit C**, and is incorporated herein by reference. By virtue of the Franks Assignment, all Tree Street payments initially owed to Great Lakes under the Promissory Note were due to Franks. In turn, and in order to satisfy Franks' outstanding debts to Armus, including the 2012 promissory note referenced in paragraph 9, above, Franks assigned his interest in the Promissory Note to Armus via an April 20, 2015 Assignment of Note Without Recourse Agreement (the "<u>Armus Assignment</u>"). A true and correct copy of the Armus Assignment assigning Franks' interest in the Promissory Note to Armus is attached hereto as **Exhibit D**, and is incorporated herein by reference. By virtue of the Armus Assignment, all Tree Street payments initially owed to Great Lakes under the Promissory Note are now due to Armus.

12. Pursuant to Section 6 of the Promissory Note, Tree Street was obligated to make a series of installment payments toward the principal sum of $1,100,000. As a result of the Franks Assignment and the Armus Assignment, the first of those payments was due to Armus on April 20, 2016, and required Tree Street to pay Armus "15% of [the] Loan Amount plus accrued but unpaid interest," or $165,000, plus accrued but unpaid interest.

13. By letter dated April 18, 2016, Tree Street indicated that it would not be making the required $165,000, plus accrued but unpaid interest, payment to Armus by the April 20, 2016 due date.

14. Tree Street did not make the required $165,000, plus accrued but unpaid interest, payment to Armus by the April 20, 2016 due date.

15. As a result, Tree Street is in default on the Promissory Note.

16. Pursuant to Section 9 of the Promissory Note, Tree Street's default entitles Armus to immediate payment, in full, of the principal balance of $1,100,000, plus accrued interest.

17. Despite due demand from Armus, Tree Street has not paid Armus the principal balance of $1,100,000, plus accrued interest.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

18. Armus realleges and incorporates by reference paragraphs 1 through 17, above.

19. Great Lakes and Tree Street entered into the Purchase Agreement. The Purchase Agreement is a valid, binding, and enforceable contract, which the parties entered into as a result of arms-length negotiations between Great Lakes and Tree Street.

20. Great Lakes and Tree Street entered into the Promissory Note. The Promissory Note is a valid, binding, and enforceable contract, which the parties entered into as a result of arms-length negotiations between Great Lakes and Tree Street.

21. Pursuant to the terms of the Promissory Note and the Franks Assignment and the Armus Assignment, under which Armus became entitled to Great Lakes' payments pursuant to the Promissory Note, Tree Street was obligated to pay Armus, by no later than April 20, 2016, $165,000, plus accrued but unpaid interest, as an installment payment towards the principal sum of $1,100,000 due to Armus from Tree Street under the Promissory Note.

22. Tree Street did not pay Armus the $165,000, plus accrued but unpaid interest, installment payment by the April 20, 2016 deadline.

23. By not paying Armus the $165,000, plus accrued but unpaid interest, installment payment by the April 20, 2016 deadline, Tree Street breached the Promissory Note.

24. Armus has been damaged by Tree Street's breach of the Promissory Note. Armus does not have $165,000, plus accrued but unpaid interest, that he should have had.

25. Tree Street is in default on the Promissory Note.

26. Pursuant to Section 9 of the Promissory Note, Tree Street's default entitles Armus to immediate payment in full of the principal balance of $1,100,000, plus accrued interest.

27. Despite due demand from Armus, Tree Street has not paid Armus the principal balance of $1,100,000, plus accrued interest, as required by the Promissory Note.

28. Tree Street breached the Promissory Note by refusing to pay Armus the principal balance of $1,100,000, plus accrued interest, as required by the Promissory Note.

29. Tree Street's breach of the Promissory Note has damaged Armus, because he does not have the $1,100,000, plus accrued interest, that he should have had.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief from Defendant:

A. An award of money damages in an amount of $1,100,000, plus accrued interest;

B. An award of Plaintiff's costs and attorneys' fees incurred in this action; and

C. Such other and further relief as the Court deems just and equitable.

Dated this 2nd day of May, 2016.

                                              s/ Patrick M. Harvey
                                              Patrick M. Harvey
                                              Attorneys for Plaintiff, Steven Armus, M.D.
                                              WHYTE HIRSCHBOECK DUDEK S.C.
                                              555 East Wells Street, Suite 1900
                                              Milwaukee, Wisconsin 53202-3819
                                              Telephone: 414-273-2100
                                              Fax: 414-223-5000
                                              Email: pharvey@whdlaw.com